IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BYRON RAY PHILLIPS, #231723, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-109-WHA |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Byron Ray Phillips ("Phillips"), a state inmate, alleges that the defendants failed to protect him from attack by inmates Keyonte Arrington and Sylvester Arrington in September of 2015 and denied him medical treatment for injuries suffered in this attack. *Complaint - Doc. No. 1* at 4. Phillips names the State of Alabama and the Department of Corrections ("D.O.C.") as two of the defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims lodged against the State of Alabama and the Department of Corrections are subject to dismissal prior to service of process in accordance with the provisions of provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISCUSSION**

The law is well settled that the State of Alabama and its agencies, including the Alabama

---

[1] The court granted Phillips leave to proceed *in forma pauperis* in this case. *Order of February 19, 2016 - Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Department of Corrections, are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the State of Alabama and the Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Phillips against the State of Alabama and the Alabama Department of Corrections are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama and the Department of Corrections be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The State of Alabama and the Department of Corrections be dismissed as defendants in this cause of action.

3. This case, with respect to the allegations set forth against defendants Jones and Thomas, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before March 8, 2016 the parties may file objections to the

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 23rd day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE